IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 1:05-cr-17-MP-GRJ

COREY B BROWN,

_____/

**O R D E R**

This matter is before the Court on Defendant's "Motion to Amend & Supplement Defendant Corey B. Brown's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody." (Doc. 512.) Defendant's motion to vacate, filed pursuant to 28 U.S.C. § 2255, stems from his conviction for conspiracy to distribute and possess with intent to distribute more than *5* kilograms of crack cocaine or more than 50 grams of cocaine base, in violation of 21 U.S.C. §§ 84l(b)(1)(A)(iii) and 846; distributing cocaine base in violation of 21 U.S.C. §§ 841(b)(1)(B)(iii) and 841(b)(1)(C); possession of more than *5* grams of crack cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii); possession of a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e); and possession of firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(e)(1)(A)(I). Defendant's conviction was affirmed on direct appeal to the Eleventh Circuit. *See United States v. Brown*, Case No. 07-13007 (11th Cir. Nov. 10, 2009) (Doc. 481).

Defendant's original motion asserted seven ineffective assistance of counsel claims. (Doc. 491.) In the instant motion, Defendant seeks to add a claim that the

district court that tried and sentenced him lacked subject matter jurisdiction, purportedly because the federal statutes that granted subject matter jurisdiction to the federal courts were not enacted validly. (Doc. 512.) Defendant also seeks to add a related claim that the criminal indictment in his case was invalid, either because the indictment was not read in open court or because the court lacked subject matter jurisdiction.

Because Defendant's proposed new claim is facially untimely under the one-year limitations period of 28 U.S.C. § 2255(f), it is barred unless it "relates back" to his original motion. See Fed. R. Civ. P. 15(c); *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000). The new claim "will relate back and be considered timely if [it] 'arose out of the conduct, transaction, or occurrence' set forth in his original § 2255 motion." *Davenport*, 217 F.3d at 1344. For relation back to apply, the untimely claim must "have more in common with the timely filed claim than the mere fact that they arose out of the same trial and sentencing proceeding." *Id*. Rather, the untimely claim "must have arisen from the 'same set of facts' as the timely filed claim, not from separate conduct or a separate occurrence in 'both time and type.'" *Id*. Rule 15(c) is not "so broad as to allow an amended pleading to add an entirely new claim based on a different set of facts." *Pruitt v. United States*, 274 F.3d 1315, 1318 (11th Cir. 2001). Thus, while the rule "contemplates that parties may correct technical deficiencies or expand facts alleged in the original pleading, it does not permit an entirely different transaction to be alleged by amendment." *Pruitt*, 274 F.3d at 1318. Defendant's initial claims and the proposed new claim are wholly unrelated, and therefore the new claim may not be added by amendment.

Defendant argues that recent Supreme Court authority supports adding the

*Case No: 1:05-cr-17-MP-GRJ*

claim. (Doc. 512 (citing *Bond v. United States*, ___ U.S. ___, 131 S. Ct. 2355 (2011)). In *Bond*, the Supreme Court held that a criminal defendant charged with a federal crime had standing to challenge the constitutionality of the criminal statute on Tenth Amendment grounds, even when the state was not a party to the proceedings. *Bond* was decided on June 16, 2011, more than one year before Defendant's motion to amend, and thus even if it provided a basis for relief the instant claim would still be time-barred.

Further, *Bond* affords Defendant no relief. Defendant argues that *Bond* supports his claim that the district court lacked subject matter jurisdiction to hear his case, but *Bond* stands for no such proposition. Rather, the issue in *Bond* was limited to whether the defendant had standing to challenge the constitutionality of the criminal statute. The Court held that the defendant had standing, but made no ruling as to the validity of the statute. *Bond*, 131 S. Ct. at 2367. The bulk of Defendant's arguments here—that subject matter jurisdiction was lacking because the jurisdictional statutes were never passed by Congress, and federal courts in fact have no jurisdiction to hear any criminal cases at all—lack any relationship whatsoever to the legal issues presented in *Bond*.

Accordingly, it is **ORDERED:**

Defendant's "Motion to Amend & Supplement Defendant Corey B. Brown's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody," Doc. 152, is **DENIED**.

**DONE AND ORDERED** this 7th day of August, 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge