IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

vs.  Case Nos.: 1:05cr17/MP/GRJ
 1:10cv205/MP/GRJ

COREY B. BROWN

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 491), and the Government's response. (doc. 493.)[1] Defendant filed two motions to amend, which were denied (*see* docs. 494, 495, 512, 513) and he did not file a reply. After a careful review of the record and the arguments presented, the Court that the § 2255 motion should be denied.

## PROCEDURAL BACKGROUND[2]

Defendant was charged in six counts of a nine count superseding indictment with conspiracy to possess with intent to distribute more than five (5) kilograms of cocaine and more than fifty (50) grams of cocaine base, three counts of distribution of crack

---

[1]The Government references several attachments supposedly included with its response but which were not submitted: Exhibit B, the Motion to Suppress; Exhibit C, the trial transcript of Jenita Washington; and Exhibit D, the jury's verdict form. (*see* doc. 493 at 8, 9.) Exhibit A, the Eleventh Circuit's opinion on appeal, was submitted. Because each of the missing items is within the court's electronic record, the court did not require the Government to correct this oversight.

[2] A detailed statement of facts describing the offense conduct is set forth in the Eleventh Circuit's opinion in United States v. Brown, 587 F.3d 1082 (11th Cir. 2009) (doc. 481) and will be set forth herein only as necessary for consideration of the instant motion.

cocaine on a date certain, possession of a firearm by a felon and possession of a firearm in furtherance of a drug trafficking crime. (doc. 75.) The Government filed a notice of Defendant's prior convictions listing eight prior felony drug offenses. (doc. 119.)

Defendant's motion for severance (doc. 149) was denied after a hearing. (doc. 154.) After the resolution of Defendant's state charges, the district court held a detention hearing and ordered that the Defendant be detained. (docs. 166, 169, 171.) Defendant filed a motion to suppress evidence obtained during the execution of a search authorized by an allegedly unlawful warrant. (doc. 190.) Defendant argued that the information used as the basis for the warrant was obtained from an unreliable source and that law enforcement made misrepresentations in the affidavit. The Government responded in opposition and the motion was denied on April 13, 2006 after a hearing. (docs. 192, 201.)

On May 22, 2006, counsel filed a motion to withdraw, citing an irreconcilable conflict with his client as well as a conflict based on his past representation of a likely Government witness. (doc. 212.) The motion was granted on May 26, 2006 and CJA panel attorney Stan Cushman was appointed to represent Defendant. (doc. 217.) Mr. Cushman filed a motion for leave to withdraw on August 10, 2006, Because he also had represented an individual who would be a Government witness. (doc. 254.) The motion to withdraw was granted and on August 15, 2006 the court appointed Daniel Daly to represent Defendant. (doc. 257, 260.) Shortly thereafter, on August 30, Mr. Daly

moved to withdraw for the same reason (doc. 277) and his motion was also granted. (doc. 280.) Jody Peterman was appointed to represent Defendant. (doc. 281.)

On December 29, 2006 Defendant's counsel requested a continuance to obtain medical information about Defendant's mother, whom she believed to be a material witness but who was in a coma. (doc. 318.) The information ultimately received reflected that it was highly unlikely that Ms. Brown would be physically or mentally able to testify. (doc. 342.)

The Government filed a notice pursuant to Rule 404(b) advising of its intent to introduce evidence of Defendant's prior convictions as evidence of intent (doc. 348), although the parties stipulated to the fact that Defendant was a convicted felon. (doc. 362.)

The jury convicted Defendant as charged. (doc. 368.) The jury specifically found that the conspiracy involved five kilograms or more of cocaine and 50 grams or more of cocaine base, and that the offense conduct charged in Count Six involved five (5) grams or more of crack cocaine (*id*.).

The Presentence Investigation Report ("PSR") was disclosed to the defense on May 18, 2007. The offense conduct involved 283.9 grams of cocaine and 224.78 grams of cocaine base. Using the marijuana equivalent, Defendant was held accountable for 4,495.6 kilograms of marijuana which corresponded to a base offense level of 34 (PSR ¶ 36). Defendant was a career offender due to multiple prior convictions, and as a result his offense level became 37 (PSR ¶ 42). There were no other adjustments and his total offense level was 37 (PSR ¶ 44). Defendant's criminal

history category was VI, and the applicable guidelines range was 360 months to life imprisonment. However, because the statutorily required minimum sentence as to Count 1 was life imprisonment, the guidelines range became life. (PSR ¶ 94.) Defendant objected to having been held accountable for over 50 grams of cocaine base. (doc. 398.)

The court sentenced Defendant to the required term of life imprisonment on Count One, 360 months imprisonment on Counts Four through Six and Count Eight, and a consecutive term of 60 months imprisonment on Count Nine. (doc. 415.)

Defendant appealed, maintaining that the district court erred in denying his motion for severance and in admitting evidence of his prior convictions to prove intent to distribute cocaine and crack cocaine, and that the evidence was insufficient to support his conviction on each of the six counts. (doc. 481 at 4.) Defendant's convictions were affirmed. United States v. Brown, 587 F.3d 1082 (11th Cir. 2009) (doc. 481).

In the present motion, Defendant separates his claims into seven grounds for relief, in each of which he asserts that counsel was constitutionally ineffective in some manner. The Government opposes the motion in its entirety.

## LEGAL ANALYSIS

### *General Standard of Review*

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3)

exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack.  *See* 28 U.S.C. § 2255(a); McKay v. United States, 657 F.3d 1190, 1194 n. 8 (11th Cir. 2011).  "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'"  Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).  The "fundamental miscarriage of justice" exception recognized in Murray v. Carrier, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal.  Rozier v. United States, 701 F.3d 681, 684 (11th Cir. 2012); United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000); Mills v. United States, 36 F.3d 1052, 1056 (11th Cir. 1994); United States v. Rowan, 663 F.2d 1034, 1035 (11th Cir. 1981).  Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255.  Nyhuis, 211 F.3d at 1343 (quotation omitted).  Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised.  Sanders v. United States, 373 U.S. 1, 16 (1963) ("identical grounds may often be proved by different factual allegations . . . or supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects").

Furthermore, a motion to vacate under section 2255 is not a substitute for direct appeal, and issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred. Lynn, 365 F.3d at 1234–35; Bousley v. United States, 523 U.S. 614, 621 (1998); McKay v. United States, 657 F.3d 1190, 1195 (11th Cir. 2011). An issue is "'available' on direct appeal when its merits can be reviewed without further factual development." Lynn, 365 F.3d at 1232 n. 14 (quoting Mills, 36 F.3d at 1055). Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent." Lynn, 365 F.3d at 1234; Bousley, 523 U.S. at 622 (citations omitted). To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct." Lynn, 365 F.3d at 1235. A meritorious claim of ineffective assistance of counsel can constitute cause. *See* Nyhuis, 211 F.3d at 1344.

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal. Massaro v. United States, 538 U.S. 500, 503 (2003); *see also* United States v. Patterson, 595 F.3d, 1324, 1328 (11th Cir. 2010). The benchmark for judging a claim of ineffective assistance of counsel is "whether counsel's conduct so undermined the proper functioning of the adversarial process that

the trial cannot be relied on as having produced a just result." Strickland v. Washington, 466 U.S. 668, 686 (1984). To show a violation of his constitutional right to counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. Strickland, 466 U.S. at 686; Williams v. Taylor, 529 U.S. 362, 390 (2000); Darden v. United States, 708 F.3d 1225, 1228 (11th Cir. 2013). In applying Strickland, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs. Strickland, 466 U.S. at 697; Brown v. United States, 720 F.3d 1316, 1326 (11th Cir. 2013).

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." Strickland, 466 U.S. at 688; see also Dingle v. Sec'y for Dept. of Corr., 480 F.3d 1092, 1099 (11th Cir. 2007). Reviewing courts are to review counsel's performance in a highly deferential manner and "must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." Hammond v. Hall, 585 F.3d 1289, 1324 (11th Cir. 2009) (quoting Strickland, 466 U.S. at 689); Chandler v. United States, 218 F.3d 1305, 1314 (11th Cir. 2000); Lancaster v. Newsome, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation")). Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight. Strickland, 466 U.S. at 689. To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did

take." Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); Chandler, 218 F.3d at 1315.  When examining the performance of an experienced trial counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect."  Chandler, 218 F.3d at 1316 n.18.

With regard to the prejudice requirement, defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different.  Strickland, 466 U.S. at 694.  For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him."  Lockhart v. Fretwell, 506 U.S. 364, 369–70 (1993); Allen v. Sec'y, Fla. Dep't of Corr., 611 F.3d 740, 754 (11th Cir. 2010).  A defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  Lockhart, 506 U.S. at 369 (quoting Strickland, 466 U.S. at 687).  Or in the case of alleged sentencing errors, a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level.  Glover v. United States, 531 U.S. 198, 203–04 (2001).  A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance."  Id. at 203.

To establish ineffective assistance, Defendant must provide factual support for his contentions regarding counsel's performance.  Smith v. White, 815 F.2d 1401,

1406–07 (11th Cir. 1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the Strickland test. *See* Boyd v. Comm'r, Ala. Dep't of Corr., 697 F.3d 1320, 1333–34 (11th Cir. 2012); Garcia v. United States, 456 F. App'x 804, 807 (11th Cir. 2012) (citing Yeck v. Goodwin, 985 F.2d 538, 542 (11th Cir. 1993)); Wilson v. United States, 962 F.2d 996, 998 (11th Cir. 1992); Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991); Stano v. Dugger, 901 F.2d 898, 899 (11th Cir. 1990) (citing Blackledge v. Allison, 431 U.S. 63, 74 (1977)); United States v. Ross, 147 F. App'x 936, 939 (11th Cir. 2005).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." Chandler, 218 F.3d at 1313. This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted. Dingle, 480 F.3d at 1099; Williamson v. Moore, 221 F.3d 1177, 1180 (11th Cir. 2000). "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'" Dingle, 480 F.3d at 1099 (quoting Adams v. Wainwright, 709 F.2d 1443, 1445 (11th Cir. 1983)). The Sixth Circuit has framed the question as not whether counsel was inadequate, but rather whether counsel's performance was so manifestly ineffective that "defeat was snatched from the hands of probable victory." United States v. Morrow, 977 F.2d 222, 229 (6th Cir. 1992).

Although section 2255 mandates that the court conduct an evidentiary hearing "unless the motion and files and records conclusively show that the prisoner is entitled to no relief," a defendant must support his allegations with at least a proffer of some credible supporting evidence. See Chandler v. McDonough, 471 F.3d 1360, 1363 (11th Cir. 2006) (citing Drew v. Dep't of Corr., 297 F.3d 1278, 1293 (11th Cir. 2002) (referring to "our clear precedent establishing that such allegations are not enough to warrant an evidentiary hearing in the absence of any specific factual proffer or evidentiary support"); Hill v. Moore, 175 F.3d 915, 922 (11th Cir. 1999) ("To be entitled to an evidentiary hearing on this matter [an ineffective assistance of counsel claim], petitioner must proffer evidence that, if true, would entitle him to relief.")); Ferguson v. United States, 699 F.2d 1071, 1072 (11th Cir. 1983). A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record. Peoples v. Campbell, 377 F.3d 1208, 1237 (11th Cir. 2004); Tejada, 941 F.2d at 1559; Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989) (citations omitted). Likewise, affidavits that amount to nothing more than conclusory allegations do not warrant a hearing. Lynn, 365 F.3d at 1239.

In accordance with the foregoing law, Defendant's seven claims will be addressed in the order in which they were presented.

## DISCUSSION

1. *<u>Ineffective assistance of counsel for failure to object to search warrant</u>*

Defendant first argues that counsel did not adequately argue that the search warrant was issued unlawfully, suggesting several arguments Defendant contends should have been made. The record reflects that Defendant's counsel filed a motion to suppress evidence in which he mounted a thorough attack on the validity of the warrant. (doc. 190.) Defendant's attorney assailed the unreliability of the CI due to her drug use, her involvement in criminal activity and her motivation to free her cousin, and asserted that the affidavit in support of the warrant was knowingly and intentionally misleading by including a false statement and by omitting material facts. The Court denied the motion after a hearing. (doc. 201.) The issues now raised by Defendant in his motion were either addressed by counsel in his motion or would not have made a difference in the court's ruling on the motion (i.e. that the informant's statements to the agent were hearsay). Accordingly, counsel was not constitutionally ineffective in the manner in which he challenged the search warrant, and thus Defendant is not entitled to relief.

2. *<u>Ineffective assistance of counsel for failure to object to statement of CI</u>*

Defendant claims that the CI's statements were motivated by vindictiveness and should not have been admitted in this case. As discussed above, Defendant's counsel thoroughly challenged the CI, Jenita Washington's, statements as they related to the search warrant application. (doc. 190.) At trial, Ms. Washington testified that she approached law enforcement about buying drugs from Defendant in hopes that this effort would benefit her cousin with a reduction in her sentence. (doc. 445 at 40–42, 49, 63.) She testified that although she was paid after each controlled buy, her motivation

was to help reduce her cousin's term of incarceration. (*id*. at 42–43.) Ms. Washington also was subject to a thorough cross examination at trial in which counsel questioned her about her drug use and past drug purchases, her contentious relationship with Defendant's sister, and inconsistencies between her testimony at trial and information she had provided in the past. (*id.* at 64–75.)  Thus, Ms. Washington's trial testimony exposed her motivation for setting up the deal with Defendant.  To the extent Defendant suggests that her prior inconsistent statements provided the basis to exclude her testimony, he is mistaken.  He is, therefore, not entitled to relief on this ground.[3]

### 3.     *Ineffective assistance of counsel for failure to object to § 924(c) evidence*

Defendant claims that he did not knowingly associate with a drug trafficking venture and therefore counsel should have "objected" to his conviction for possession of a firearm in furtherance of a drug trafficking crime.  He also asserts that the evidence presented at trial was insufficient to prove that he had possessed the firearm in question, much less in furtherance of a drug trafficking offense.  Defendant challenged the sufficiency of the evidence to support his convictions on direct appeal and thus his claim is squarely foreclosed by the Eleventh Circuit's opinion rejecting these same arguments and affirming his convictions. (*see* doc. 481.)  He may not relitigate them here in a § 2255 Petition.  *See* Rozier, 701 F.3d at 684; Nyhuis, 211 F.3d at 1343.

---

[3] Defendant also appears to contend that evidence about his drug dealing activities should not have been admitted in the firearm case.  Because the charges were all part of a single indictment, and thus tried together, his argument for the exclusion of evidence pertaining only to a certain subset of the charges has no merit.

Case Nos.: 1:05cr17/MP/GRJ; 1:10cv205/MP/GRJ

## 4. *Ineffective assistance of counsel for failure to object to jury's verdict*

Defendant's fourth ground for relief appears to be another variation on his challenge to the sufficiency of the evidence, and as such does not provide a basis for relief for the reasons stated with respect to ground three, *supra*.

## 5. *Ineffective assistance of counsel for failure to challenge prior convictions*

Defendant contends that counsel was constitutionally ineffective because he did not challenge the use of Defendant's prior drug offenses to enhance his sentence in this case.[4] Defendant appears to assert that because the offenses are either not listed as "controlled substance" offenses under the Controlled Substance Act, or because they did not carry more than a ten year penalty, they should not have been used to enhance his sentence.

The Government's notice of enhancement, its 404(b) notice and the PSR each listed at least eight prior felony drug offenses, seven of which involved cocaine, and one of which involved a "counterfeit drug." (*see* docs. 119, 348, PSR ¶¶ 50–58.)[5] These offenses properly supported the enhancement under 21 U.S.C. § 841(b)(1)(A), and Defendant's suggestion otherwise is mistaken. There is no statutory or other requirement that a prior conviction have been subject to a "ten year penalty." To the extent Defendant challenges the age of the convictions, the court notes that at least three of the convictions occurred less than ten years from the date of conviction in this

---

[4] The Government's assertion that Defendant raised this issue on appeal (doc. 493 at 9) is mistaken. On appeal, Defendant challenged the admission of the convictions to prove intent, not the use of the convictions to enhance his sentence. (doc. 481 at 4.)

[5] The number and nature of the convictions varies slightly among the documents.

case, and that in any event § 841 does not place a limitation on the age of qualifying convictions.  As such, counsel was not constitutionally ineffective for his failure to make a meritless objection.  Freeman v. Attorney General, Florida, 536 F.3d 1225, 1233 (11th Cir. 2008); see also Sneed v. Florida Dep't of Corrections, 496 F. App'x 20 (11th Cir. 2012) (failure to preserve meritless Batson claim not ineffective assistance of counsel); Lattimore v. United States, 345 F. App'x 506, 508 (11th Cir. 2009) (counsel not ineffective for failing to make a meritless objection to an obstruction enhancement); Brownlee v. Haley, 306 F.3d 1043, 1066 (11th Cir. 2002) (counsel was not ineffective for failing to raise issues clearly lacking in merit).  Defendant's request for relief on this claim fails.

*6.* *Ineffective assistance of counsel for failure to challenge the indictment*

Defendant claims that the Court abused its discretion in dismissing the initial indictment without prejudice, and that counsel was constitutionally ineffective for failing to make a proper objection.  Defendant was not charged in the initial indictment (doc. 1), but rather was added as a defendant in the superseding indictment. (doc. 75.)  He does not suggest a factual or legal basis for an objection to the superseding indictment, and none is apparent from the record.  Absent such, counsel was not constitutionally ineffective and Defendant is not entitled to relief.

*7.* *Ineffective assistance of counsel for failure to object to jury instructions*

Defendant asserts that the trial judge erred in not including a special jury instruction, and that counsel was constitutionally ineffective for failing to request one. The nature of the "special jury instruction" that Defendant believes should have been included is not identified in his § 2255 motion.  To the extent Defendant is actually

complaining about the jury's findings, his claim still lacks merit. The verdict form reflects that the jury unanimously agreed on its verdict on each of the nine counts, including, where applicable, the quantities of drugs involved in the charged offense conduct. (doc. 368.) Accordingly, Defendant has shown neither deficient performance of counsel nor prejudice and therefore he is not entitled to relief.

## CONCLUSION

For all of the foregoing reasons, the Court concludes that Defendant has failed to show that any of the claims raised in his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 have merit. Nor has he shown that an evidentiary hearing is warranted. Therefore Defendant's motion should be denied in its entirety.

### Certificate of Appealability

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should

issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The motion to vacate, set aside, or correct sentence (doc. 491) should be **DENIED**.

2. A certificate of appealability should be **DENIED**.

**IN CHAMBERS** in Gainesville, Florida, this 24th day of September, 2013.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** <u>United States v. Roberts</u>**, 858 F.2d 698, 701 (11th Cir. 1988).**